J-S64038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                       :        PENNSYLVANIA
                                            :

             v.                            :
                                            :

ANDREW E. GINES,                 :
                                            :

          Appellant.           :    No. 3895 EDA 2017

Appeal from the PCRA Order, November 3, 2017,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0000035-2007.

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED JANUARY 10, 2019**

Andrew E. Gines appeals *pro se* from the order denying his serial petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows: In 2008, a jury convicted Gines of two counts of attempted murder, two count of aggravated assault on a police officer, and other related crimes following a January 1, 2007 incident that occurred at the house of his son's girlfriend. Eventually, three local police officers responded to the scene. One officer indicated that he was going to conduct a protective sweep of the house. As that officer entered the house, Gines raised a handgun, aimed at the officer, and fired two shots.

Although Gines originally entered a guilty plea to various charges, he was later permitted to withdraw it. Prior to trial, Gines filed an omnibus

pretrial motion in which he sought to suppress statements he had made to police after he was apprehended.  The trial court denied the motion, and Gines proceeded to trial.  At the conclusion of a three-day trial, the jury convicted him of the above charges.  On July 22, 2008, the trial court sentenced Gines to an aggregate term of thirty to sixty years of imprisonment.

Following the denial of his post-sentence motion, Gines filed an appeal to this Court in which he challenged the denial of his suppression motion.  Finding no merit to this claim, we affirmed Gines' judgment of sentence on November 30, 2009.  **Commonwealth v. Gines**, 990 A.2d 44 (Pa. Super. 2009) (unpublished memorandum).  On June 23, 2010, our Supreme Court denied his petition for allowance of appeal.  **Commonwealth v. Gines**, 997 A.2d 1175 (Pa. 2010).

Gines filed a timely *pro se* PCRA petition on June 20, 2011.  The PCRA court appointed counsel.  Thereafter, PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988 (*en banc*).  On August 3, 2011, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  Gines did not file a response.  By order entered September 23, 2011, the PCRA court dismissed Gines' petition and granted PCRA counsel's petition to withdraw.

Gines filed a timely *pro se* appeal to this Court.  Although Gines raised multiple issues in his Rule 1925(b) statement, we agreed with the PCRA court

that his claims were difficult to decipher. *See Commonwealth v. Gines*, 64 A.3d 19 (Pa. Super. 2012), unpublished memorandum at 6-8. Nevertheless, we reviewed and rejected the claims, to the extent possible, and affirmed the order denying post-conviction relief on December 12, 2012. *See id.* at 9. In doing so, we specifically noted Gines' claim that it was "unfair" that he had to proceed without counsel, given that "he is of low intelligence, suffers from depression and anxiety, and is developmentally disabled." *Id.* (citing Gines' Reply Brief at 2-3). Thereafter, our Supreme Court denied Gines' petition for allowance of appeal. In 2014, and again in 2015, Gines unsuccessfully sought relief by filing a second and third *pro se* PCRA petition.

On July 31, 2017, Gines filed the PCRA petition at issue, his fourth, and an amended petition on August 14, 2017. On September 14, 2017, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Gines filed a response. By order entered November 3, 2017, the PCRA court dismissed Gines' petition as untimely filed and otherwise without merit. This appeal followed. Both Gines and the PCRA court have complied with Pa.R.A.P. 1925.

Gines raises the following issues on appeal:

1. Did the PCRA court err in denying the PCRA petition without a hearing when Gines submits and maintains that his consecutive sentences for attempted murder and aggravated assault should have merged for sentencing purposes and therefore Gines' consecutive sentences for attempted murder and aggravated assault are unconstitutional and illegal?

2. Did the PCRA court err in denying the PCRA petition without a hearing when Gines submits that newly discovered evidence in the form of his diminished capacity under 42 Pa.C.S.A. § 9545(b)(1)(ii) and of which substantial material evidence has subsequently become available?

**See** Gines' Brief at 2. Before addressing these issues, we must first determine if this appeal is properly before us.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that he meets an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[1] A PCRA petition invoking one of these statutory

---

[1] The exceptions to the timeliness requirement are:

exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, because Gines did not seek further review following our Supreme Court's denial of his petition for allowance of appeal on June 23, 2010, his judgment of sentence became final ninety days thereafter, or on September 21, 2010. *See* 42 Pa.C.S.A. § 9545(b); U.S.Sup.Ct.R. 13. Thus, Gines had to file this PCRA petition by June 23, 2011, in order for it to be timely. As Gines filed the instant petition in 2017, it is patently untimely unless he has

_____

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Gines has failed to plead and prove an exception to the PCRA's time bar. He first claims that his sentence is illegal. As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). In short, a PCRA petitioner must present an illegal sentencing claim in a timely PCRA petition to be eligible for relief. **Id.** Because Gines' latest PCRA petition is untimely, the PCRA court lacked jurisdiction to consider his illegal sentence claim.[2] **See generally Commonwealth v. Whitehawk**, 146 A.3d 266 (Pa. Super. 2016).

---

[2] On appeal in PCRA proceedings, this Court may affirm a PCRA court's decision if any ground in the record supports it. **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016). Here, the PCRA court addressed the sentencing/merger issue and found that it lacked merit. **See** PCRA Court Opinion, 3/19/18, at 9-12. We agree. **See Commonwealth v. Johnson**, 874 A.2d 66, 71-72 (Pa. Super. 2005) (explaining that attempted murder and aggravated assault upon a police officer do not merge for sentencing purposes).

Gines also claims that he meets the time-bar exception based upon "newly discovered facts" under 42 Pa.C.S.A section 9545(b)(1)(ii).[3] Gines "maintains and avers that he has newly discovered facts in the form of his diminished capacity, intellectual and developmental disabilities which occurred early in his childhood years and/or before his juvenile years, unstable mental state, and suicidal ideation." Gines' Brief at 9-10 (emphasis omitted). In support of this claim, Gines "submitted to the PCRA Court a document [from] the SCI Camp Hill Psychology Department which is a psychiatric assessment report concerning his unstable psychological disorders and intellectual impairments." *Id.* at 10 (footnote omitted). According to Gines, this report establishes that he was incompetent to stand trial. *Id.* at 25.

Subsection 9545(b)(1)(ii) has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. ***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015) (emphasis in original).

The PCRA court concluded that Gines could not prove either component:

---

[3] Although Gines also raised the government-interference exception in his *pro se* amended PCRA petition, and references the claim in his supporting argument, he did not raise this exception in his Rule 1925(b) statement. Thus, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

[Gines] has repeatedly averred that his self-recognized, long history of mental health issues both excused him from the requisite *mens rea* of the crimes for which he was convicted and served as fodder for trial counsel's [alleged] ineffectiveness for failing to request a psychiatric evaluation. Simply put, [Gines] cannot claim the he was aware of his alleged, long term mental health issues at the time of the 2008 trial and sentencing, as well as simultaneously aver this same information was unknown to him until the time of his most recent 2017 collateral lodging.

[Gines'] psychological records would have been available to prior counsel through the exercise of due diligence, as required by 42 Pa.C.S. §9545(b)(1)(ii). It is not a credible argument that [Gines] did not know of his own mental health issues so that he could not inform counsel of same because [Gines] mentions his "long" history of mental health issues in his PCRA Petition. Therefore, [Gines] was on ample notice of this issue and could have given counsel cause to "exercise due diligence" in seeking records or otherwise presenting [Gines'] competence to stand trial as a defense. [Gines] attaches as "Exhibit A" to his PCRA, a Psychological Assessment Report dated 6/2/2008. This is not new evidence and with due diligence could have been presented to the court much earlier than 2017.

[Gines'] claim on this issue fails to meet the requirements for the statutorily enumerated reasons for an exception to the timeliness requirement. [Gines] simultaneously argues that no one knew of his mental health issues such that the report he recently discovered should be new evidence and also contends that he has a long history of mental health issues which were, apparently, readily evidence to his attorneys.

PCRA Court Opinion, 3/19/18, at 8-9 (footnote omitted).

Our review of the record supports the PCRA court's conclusions. Indeed, the record suggests that both the trial court and trial counsel were aware of Gines' mental health history because the trial court twice ordered psychiatric evaluations to determine whether Gines was competent to stand trial. At

sentencing, trial counsel informed the trial court that Gines underwent three psychological examinations, was suicidal, and had been diagnosed with depression. *See* N.T., 7/22/08, at 20-23. Although Gines now takes issue with the extent of these previous evaluations, it is clear that he knew of his limitations prior to the filing of his 2017 PCRA petition. Finally, we noted Gines' assertion regarding his alleged mental limitations when affirming the denial of his first PCRA petition in 2012. ***See Gines***, ***supra***.

In sum, for all of the above reasons, the PCRA court correctly denied Gines' fourth PCRA petition. We therefore affirm the PCRA court's order denying Gines post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/19